IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNY CYRUS, | : | CIVIL ACTION NO. **3:CV-06-1665** |
| | : | |
| Plaintiff | : | (Judge McClure) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| KAREN F. HOGSTEN, et al., | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

Plaintiff, Johnny Cyrus, an inmate at the United States Penitentiary at Allenwood, White Deer, Pennsylvania ("USP-Allenwood"), filed, *pro se*, the instant civil rights action under *Bivens*[1] pursuant to 28 U.S.C. § 1331 on August 24, 2006.  The Plaintiff has also filed an application for leave to proceed *in forma pauperis*.  (Doc. 2).[2]  Attached to the Complaint is a Memorandum from the Bureau of Prisons ("BOP") dated February 15, 2006, indicating that Plaintiff's Administrative Tort Claim under the Federal Tort Claim Act ("FTCA") for alleged injuries from the August 15, 2005 assault at issue in the present case was denied.

---

[1]*Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971).

[2]By separate Order, we shall grant  Plaintiff's Motion for *in forma pauperis*.  (Doc. 2).

Plaintiff's claim was set forth on a form civil rights complaint which this Court routinely provides to *pro se* litigants.  *See* Doc. 1.[3]  The Complaint alleges that on August 15, 2005, Defendants Lieutenant Shepard and Correction Officers ("CO") Ray Alexander and Dorman assaulted Plaintiff.  Specifically, Plaintiff avers that "I was choke (sic) by Officer Alexander in my cell in special housing unit.  While Lieutenant Shepard watch, I was forming (sic) at the mouth.  Officer Alexander let me go." (Doc. 1, p. 2, ¶ IV. 1.-2.).  Plaintiff states that the Defendants made a racially derogatory remark and said they would be back.  Plaintiff then states that the Defendants came back later and took him to the law library, where he was beaten up again by Defendants Shepard and Dorman.  Plaintiff alleges that Defendants Shepard and Dorman punched him in the stomach, chest and face, and that they busted his nose and mouth.  Plaintiff states that both his nose and mouth were bleeding.  (*Id.*, ¶ IV. 2.-3.).  The stated three Defendants are all employed at USP-Allenwood.

Next, Plaintiff alleges that the three Defendants left, and he saw SIS Lieutenant Feltman of USP-Allenwood. Plaintiff states that he was "banging on the window like a mad man trying to get help.  The Lieutenant Feltman came, and stated stop banging on the fucking window.  I was

---

[3]In his form Complaint, the Plaintiff indicated that he has fully exhausted the grievance procedure available at USP-Allenwood.  (Doc. 1, p. 1, ¶ II. A.-C.).  It is well-settled that the Plaintiff must exhaust his administrative remedies prior to filing a civil rights suit.  In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including § 1983 actions or actions brought pursuant to any other federal law.  The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.*  Further, the Defendants have the burden to plead exhaustion as an affirmative defense.  *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

assaulted by two of your officers, he seen me bleeding.  He stated, you bang on that window again, I am going to beat your ass."  (*Id*. & attached handwritten page).

Plaintiff claims that the medical staff did not check him for injuries and that he was not interviewed about the assault.  However, Plaintiff admits that he was transferred to USMCFP in Springfield, Missouri, fifteen (15) days after the assault incidents.  Plaintiff states that he has been in a wheelchair for ten years and that when the Defendants beat him up, he was handcuffed.

Finally, Plaintiff claims that on July 7, 2006, Defendant Alexander threatened him with bodily harm.  Plaintiff avers that he told Defendant Warden Hogsten the same day of the threat and the Warden told him "I will see if the assault is still on file.  She left me in harm way."  (*Id*.).

Thus, Plaintiff claims that Defendants Shepard, Alexander and Dorman at USP-Allenwood used excessive force on him on August 15, 2005, in both the SHU and law library.  Plaintiff avers that the stated three Defendants assaulted him while he was handcuffed in his wheelchair.  The Complaint asserts that Plaintiff suffered a busted nose and mouth as a result of the August 15, 2005 incidents.

The Complaint also names as Defendant SIS Lieutenant Feltman of USP-Allenwood prison staff.  Plaintiff simply avers that this Defendant saw him after he was assaulted in the law library and told him to stop banging on the window.  Defendant Feltman is not alleged to have played any role in the assaults, to have witnessed the assaults, or to have engaged in any conduct amounting to a violation of Plaintiff's Constitutional  rights.  As to Defendant Warden Hogsten, Plaintiff only avers that almost one year after the incident, he was threatened by Defendant Alexander and told the Warden about it.  Plaintiff avers that the Warden told him she would check if the assault was still

on file.  Plaintiff fails to allege that Defendant Hogsten violated any of his Constitutional rights.

The Complaint does not sufficiently specify any conduct, wrongful or otherwise, of Defendants Feltman and Hogsten.  These Defendants are not alleged to have witnessed Defendants Alexander, Dorman and Shepard assault  Plaintiff in either the SHU or the law library, or to have played any role in the excessive force used on Plaintiff.  Nor are these Defendants alleged to have been aware at the time of the incident that Defendants Alexander, Dorman and Shepard were assaulting  Plaintiff.  Plaintiff alleges only that Defendant Feltman arrived at the law library after the second assault while Plaintiff was already bleeding and banging on the window, and this  Defendant told him to stop banging on the window.  Plaintiff does not aver that he requested Defendant Feltman to give him medical care and that Feltman denied it.  Nor does Plaintiff allege any serious or permanent injuries.   Plaintiff does not state that Defendants Feltman and Hogsten were ever aware that the other three Defendants were using excessive force on him at any time.

As relief, Plaintiff seeks compensatory damages in the amount of $1 million.  (*Id.*, p. 3, ¶ V.)[4]

## II.  PLRA.

We now review the Plaintiff's pleading and find that it contains fatal deficiencies, namely the failure to state an Eighth Amendment deliberate indifference claim and excessive force claim against Defendants Feltman and Hogsten.   We also find that Plaintiff should be allowed to proceed

---

[4]Plaintiff's request for a specific amount of monetary damages should be stricken. Since Plaintiff seeks unliquidated damages, he cannot claim a specific sum of relief.  Pursuant to Local Rule 8.1, M.D. Pa., Plaintiff's request for specific monetary damages of $1 million should be stricken from his Amended Complaint.  *See Stuckey v. Ross*, Civil No. 05-2354, M.D. Pa., 1-9-06 Order, J. McClure.

with respect to his excessive force claims against Defendants Shepard, Alexander and Dorman.

As stated, the Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995,[5] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[6] Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

In reviewing the Complaint under 28 U.S.C. §1915(e)(2)(B), we have determined that the Plaintiff is unable to maintain this action as against Defendants Feltman and Hogsten. We find that Plaintiff states Eighth Amendment claims against Defendants Shepard, Alexander and Dorman.

## III. Section 1331 Standard.

Under *Bivens*, the District Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 to entertain an action brought to redress alleged federal constitutional or statutory violations

---

[5]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

[6]The Plaintiff completed an application to proceed *in forma pauperis* and authorization to have funds deducted from his prison accounts. The court then issued an administrative order directing the warden to commence deduction of the full filing fee due the court from the Plaintiff's prison trust fund account. (Docs. 2, 3 and 4).

by a federal actor under *Bivens, supra*. Pursuant to *Bivens*, "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978). A *Bivens*-style civil rights claim is the federal equivalent of an action brought pursuant to 42 U.S.C. § 1983 and the same legal principles have been held to apply. *See, Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir. 1975); *Veteto v. Miller*, 829 F.Supp. 1486, 1492 (M.D. Pa. 1992); *Young v. Keohane*, 809 F.Supp. 1185, 1200 n. 16 (M.D. Pa. 1992). In order to state an actionable *Bivens* claim, a plaintiff must allege that a person has deprived him of a federal right, and that the person who caused the deprivation acted under color of federal law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Young v. Keohane*, 809 F.Supp. 1185, 1199 (M.D. Pa. 1992).

**IV.  Motion to Dismiss Standard.**

In considering whether a pleading states an actionable claim, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957); *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir. 1988). A complaint that sets out facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Estelle v. Gamble*, 429 U.S. 97, 107-108 (1976).

**V. Discussion.**

In his Complaint, as stated, Plaintiff does not allege any involvement of Defendants Feltman and Hogsten with respect to the assaults by Defendants Shepard, Alexander and Dorman. As to Defendant Feltman, Plaintiff only states that he told Plaintiff to stop banging on the window. With respect to Warden Hogsten, Plaintiff avers that in July 2006, Defendant Alexander threatened him and he told the Warden. Plaintiff claims that the Warden she stated that she would see if his prior assault incident was still on file. Plaintiff does not indicate that either of these two stated supervisory Defendants were aware of the assaults at the time of the incidents or that they played any role in them. As stated, Plaintiff does not state if he suffered any permanent injuries as a result of the alleged assaults. Plaintiff's allegations do not indicate that Defendants Feltman and Hogsten were deliberately indifferent to any use of excessive force on him by the other Defendants.

Also, Plaintiff does not claim that Defendants Feltman and Hogsten assaulted him or denied him required medical care. Plaintiff does not claim that he told Defendants Feltman and Hogsten he was in pain and that they refused to assist him to stop any excessive force. Plaintiff does not claim that Defendants Feltman and Hogsten caused him any injuries or that they refused to allow him to be medically treated after the incident in question. Plaintiff does not claim that these two Defendants were aware at any time that he was being assaulted or that they had any knowledge that the other Defendants were using excessive force on him. The allegations in Plaintiff's Complaint do not support Plaintiff's present Eighth Amendment claims as against Defendants Feltman and Hogsten. Further, Plaintiff's own allegations do not show that the two stated Defendants denied him necessary medical treatment following the incident or that he suffered any

serious conditions as a result of their conduct to establish an Eighth Amendment claim.

Finally, the Plaintiff has not properly alleged that Defendants Feltman and Hogsten were deliberately indifferent to his safety or that they personally used force on him was not needed. Plaintiff simply avers that almost one year after the alleged assaults he was threatened by Defendant Alexander, and that after he told Defendant Hogsten about it, she said she would check the file for the assault incident. Further, Plaintiff does not claim that Defendants Feltman and Hogsten were aware at the time of the incident that excessive force was used on him by the other Defendants. Thus, we fail to see how Defendants Feltman and Hogsten can be claimed to have been deliberately indifferent to Plaintiff's condition. Consequently, based on the present pleading, the Plaintiff has failed to allege an Eighth Amendment violation by Defendants Feltman and Hogsten. Plaintiff's Eighth Amendment claims as to Defendants Shepard, Alexander and Dorman should proceed at this juncture, despite the lack of any allegation of serious permanent injury caused by them.

Moreover, Plaintiff does not allege with sufficient specificity the personal involvement of Defendants Feltman and Hogsten, who admittedly did not participate in the assaults of Plaintiff and who did not witness them. As discussed, Plaintiff does not adequately state what these two Defendants did to violate his Eighth Amendment rights. Liability may only be based upon the Defendant's personal involvement in conduct amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825 (1994) *citing Helling v. McKinney*, 509 U.S. 25 (1993); *Wilson v.*

8

*Seiter*, 501 U.S. 294 (1991);  *Estelle v. Gamble*, 429 U.S. 97 (1976).

As the Court in *Bright v. Gillis*, 89 Fed. Appx. 802, 805 (3d Cir. 2004) stated:

> A plaintiff is required to give fair notice of a claim and cite the grounds upon which it rests. Fed.R.Civ.P. 8(a)(2); *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *see also Menkowitz v. Pottstown Mem'l Med. Ctr.,* 154 F.3d 113, 124 (3d Cir.1998) (explaining that plaintiff must plead *inter alia* "the material points necessary to sustain recovery"). [Plaintiff] Bright gave no fair notice that any defendant other than Kessling, Cerelli, and Fujimoto participated in the alleged beating.

The *Bright* Court also stated the factors in establishing an Eighth Amendment excessive

force claim against prison staff:

> a number of factors bear on an excessive force determination, including: "(1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of facts known to them; and (5) any efforts made to temper the severity of the forceful response." *Brooks v. Kyler,* 204 F.3d 102, 106 (3d Cir.2000) (citing *Whitley v. Albers,* 475 U.S. 312, 327, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)).

*Id.*

The Court in *Wesley v. Dombrowski*, 2004 WL 1465650 *6 (E.D. Pa.), stated:

> "The core inquiry in claims of excessive force is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm'." (Citing *Hudson v. McMillian,* 503 U.S. 1, 7 (1992)).

The *Wesley* Court also stated:

> While the Eighth Amendment's proscription against cruel and unusual punishment excludes from constitutional recognition *de minimis* uses of physical force if the use of force is not of a sort "repugnant to the conscience of mankind," to state a claim, the plaintiff need only allege that force was maliciously applied to cause harm." *Id.* (Citation omitted).

*Id.*

The Court in *Eppers v. Dragovich*, 1996 WL 420830 (E.D. Pa.), stated:

> "In *Hudson*, the Supreme Court held that an inmate need not suffer
> a serious injury in order for the excessive use of force to violate the Eighth
> Amendment.  However, the Court also recognized that not "every malevolent
> touch by a prison guard gives rise to a federal cause of action," and reaffirmed
> that the Eighth Amendment's prohibition of cruel and unusual punishment
> "necessarily excludes from constitutional recognition *de minimis* uses
> of physical force, provided that the use of force is not of a sort
> 'repugnant to the conscience of mankind.' " (citing *Hudson, supra* at 9).

With respect to Plaintiff's claims against Defendants Feltman and Hogsten, who did not allegedly fail to intervene to stop a known situation in which excessive force was being used on Plaintiff by the other Defendants, the Plaintiff has not alleged their deliberate indifference. With respect to Defendants Feltman and Hogsten, Plaintiff has not alleged conduct that was repugnant to the conscience of mankind.

The Court in *Moon v. Dragovich*, 1997 WL 180333 *4 (E.D. Pa.), stated the standard as follows:

> The Supreme Court has differentiated between excessive force
> cases and cases in which prison officials fail to prevent harm in
> determining the proof required to meet the two prongs of an
> Eighth amendment violation. *Compare Farmer,* 114 S.Ct. at 1977
> ("For a claim ... based on a failure to prevent harm, the inmate must show
> that he is incarcerated under conditions posing a substantial risk of serious
> harm."); *id.* at 1979 (prison official must be deliberately indifferent to
> substantial risk of harm); *with Hudson v. McMillian,* 503 U.S. 1, 6-7,
> 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) ("[W]henever prison officials
> stand accused of using excessive physical force in violation of the
> Cruel and Unusual Punishment Clause, the core judicial standard is ...
> whether force was applied in a good-faith effort to maintain or
> restore discipline, or maliciously and sadistically to cause harm."); *id.* at 9
> (objective prong can be established even if excessive force does not
> cause serious harm).  Whether the court judges Thomas' conduct
> under the failure to prevent harm rubric or the excessive force rubric, [FN3]

Moon must show that he has suffered more than *de minimis* harm:

> Not ... every malevolent touch by a prison guard gives rise to a federal
> cause of action. The Eighth Amendment's prohibition of "cruel and
> unusual" punishments necessarily excludes from constitutional
> recognition *de minimis* uses of physical force, provided that the use of
> force is not of a sort " 'repugnant to the conscience of mankind.' "

*Hudson,* 503 U.S. at 9; *see also Farmer,* 114 S.Ct. at 1977 (requiring risk of *serious* harm).

FN3. Most cases that have considered the application of the Eighth Amendment to a prison
guard's failure to intervene to protect an inmate from injury inflicted by other prison guards have
concluded that such conduct must be judged under *Farmer*'s deliberate indifference standard.
*See Burgess v. Moore,* 39 F.3d 216, 218 (8th Cir.1994) (deliberate indifference standard applies
when guards fail to intervene in attacks by other guards); *Buckner v. Hollins,* 983 F.2d 119, 122-
23 (8th Cir.1993) (same); *cf. Urrutia v. Harrisburg County Police Dept.,* 91 F.3d 451, 456 (3d
Cir.1996) (noting that deliberate indifference standard should apply to claims that prison
officials failed to protect inmate from violent attack whether or not the attack comes from
another inmate).

The Eighth Amendment requires that the official must know of and disregard an
excessive risk to inmate health or safety.  *Farmer,* 511 U.S. at 837.  "[T]he official must both be
aware of facts from which the inference could be drawn that a substantial risk of serious harm
exists, and he must also draw the inference." *Id*.  "The question...is whether prison officials,
acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious
damage to his future health.'" *Farmer*, 511 U.S. at 843.

Here, Plaintiff does not allege to have suffered any injury from the actions of Defendants
Feltman and Hogsten.  Plaintiff does not allege that the stated two Defendants failed to
intervene to protect him.  Thus, the alleged conduct of these two Defendants does not amount
to deliberate indifference and is not sufficient to constitute an Eighth Amendment violation.

Pro se parties are accorded substantial deference and liberality in federal court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader.

Although there is not a heightened pleading standard in civil rights cases,[7] a civil rights complaint in order to comply with Rule 8 must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the compliant is not frivolous and a defendant has adequate notice to frame an answer. *Frazier v. Southeastern Pennsylvania Transp. Auth.*, 785 F.2d 65, 68 (3d Cir. 1986). A civil rights complaint complies with this standard if it alleges the conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials.

Under even the most liberal construction, we find that Plaintiff's Complaint fails to allege an Eighth Amendment violation by Defendants Feltman and Hogsten. Even taking into account the fact that Plaintiff is proceeding *pro se*, his Complaint fails to allege sufficient personal involvement of the stated two Defendants in any Eighth Amendment violation.

---

[7]In *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163 (1993), the United States Supreme Court held that it was improper to apply heightened pleading standards to § 1983 civil rights actions. The Court noted that a civil rights complaint need only comply "with the liberal system of 'notice pleading' set up by the Federal Rules." *Id* at 167.

Plaintiff fails to make a claim showing that Defendants Feltman and Hogsten's alleged conduct violates the Eighth Amendment based on the standards discussed above.  Accordingly, we shall recommend that this case be dismissed as to Defendants Feltman and Hogsten, and that it proceed with respect to the Eighth Amendment excessive force claims against Defendants Shepard, Alexander and Dorman.[8]

## VI. Recommendation.

Based on the above, it is respectfully recommended that this case be dismissed as to Defendants Feltman and Hogsten, as the Plaintiff has failed to state a claim under the Eighth Amendment against these Defendants.  It is recommended that this case proceed as to the

---

[8]Notwithstanding the Plaintiff's *pro se* status and our finding  that his § 1331 claim is insufficient as to Defendants Feltman and Hogsten, we do not recommend that he be permitted to amend his Complaint to include more specific facts against these Defendants, since we find that the Plaintiff's claim against the stated Defendants fails to state a constitutional violation under the Eighth Amendment.  Thus, we find futility of any amendment of this claim as to Defendants Feltman and Hogsten, and we shall not recommend Plaintiff be granted leave to amend his pleading.  *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted).

Plaintiff's Eighth Amendment excessive force claims against Defendants Shepard, Alexander and

Dorman.  It is further recommended that this case be remanded to the undersigned for further

proceedings.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: August 31, 2006**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNY CYRUS, | : | CIVIL ACTION NO. **3:CV-06-1665** |
| | : | |
| Plaintiff | : | (Judge McClure) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| KAREN F. HOGSTEN, et al., | : | |
| | : | |
| Defendants | : | |

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **August 31, 2006.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within ten (10)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis
of that record.  The judge may also receive further evidence, recall
witnesses or recommit the matter to the magistrate judge with
instructions.


        **s/ Thomas M. Blewitt**
        **THOMAS M. BLEWITT**
        **United States Magistrate Judge**


**Dated: August 31, 2006**