IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JOHNNY CYRUS, | : | No. 3:06-CV-01665 |
| Plaintiff, | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| KAREN F. HOGSTEN, et al., | : | |
| Defendants. | : | |

**O R D E R**

October 20, 2006

FILED
WILLIAMSPORT, PA

2 0 2006

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

**BACKGROUND:**

Plaintiff Johnny Cyrus is an inmate at the United States Penitentiary at Allenwood, White Deer, Pennsylvania ("USP-Allenwood"). On August 24, 2006, plaintiff filed, *pro se*, this instant *Bivens*[1] civil rights action pursuant to 28 U.S.C. § 1331. The matter was initially referred to United States Magistrate Judge Thomas M. Blewitt, who granted plaintiff's motion to proceed *in forma pauperis*.

Plaintiff alleges that several of the defendants - defendant Lieutenant Shepard and Correction Officers Ray Alexander and Dorman - assaulted plaintiff

---

[1] *Bivens* is the shorthand given to claims made against a federal agent of violations of a federal right, including constitutional rights. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

in his special housing unit cell and then in the law library on or about August 15, 2005. Plaintiff further alleges that after the assault had taken place in the law library, plaintiff saw defendant SIS Lieutenant Feltman and tried to obtain help from him by banging on the window. Plaintiff asserts that Feltman ignored his pleas for help, and instead told him to stop banging on the window. Plaintiff also asserts that on July 6, 2006, defendant Alexander threatened more bodily harm, that plaintiff told defendant Warden Hogsten about this threat, and that she stated that she would "see if the assault is still on file." *See* (Rec. Doc. No. 1). According to plaintiff, "[s]he left [plaintiff] in harm [*sic.*] way." *Id.*

On August 31, 2006, the magistrate judge issued his fourteen-page report and recommendation, recommending that defendants Feltman and Hogsten be dismissed because plaintiff fails to allege a cognizable Eighth Amendment violation against either defendant. The magistrate judge does find, however, that plaintiff has sufficiently alleged Eighth Amendment claims against the other defendants and recommends the matter be remanded for further proceedings. In a footnote, the magistrate judge also recommends that the plaintiff's request for specific monetary damages of $1 million be stricken because he seeks unliquidated damages and therefore cannot claim a specific sum of relief. The magistrate judge also noted that the plaintiff had attached a letter from the Bureau

of Prisons ("BOP"), which denied plaintiff's Federal Tort Claim Act ("FTCA")
claim.

On September 15, 2006, plaintiff filed what would appear to be his
objections, suggesting only that he tried to get defendant Feltman's help after the
alleged attack because defendant Feltman is the investigating officer in charge of
investigating "wrongdoing." (Rec. Doc. No. 8). Plaintiff made no objection to
the magistrate judge's recommendation to dismiss defendant Hogsten.[2]

For the following reasons, we will adopt the magistrate judge's report in
full, and accept the magistrate judge's recommendation to dismiss defendants
Feltman and Hogsten. We will also strike plaintiff's request for specific monetary
damages.

## DISCUSSION:

Plaintiff makes no objection to the magistrate judge's recommendation to
dismiss defendant Hogsten. We agree with the magistrate judge that plaintiff fails
to allege sufficient facts to assert either an Eighth Amendment excessive force

---

[2] Plaintiff has made three other filings. The first filing was on September
12, 2006, and was a letter stating that he has not received mail. (Rec. Doc. No. 7).
Plaintiff made this filing simultaneously in two other proceedings - Cyrus v. Doe,
Civ. No. 06-1697("Doe I"), and Cyrus v. Doe, Civ. No. 06-1698 ("Doe II").
Because this filing made no objection to the magistrate judge's report and
recommendation, we will not consider it here. The other two filings are discussed
later in this order.

claim or deliberate indifference claim against defendant Hogsten. For purposes of judicial economy, we will not rehash the thorough reasoning used by the learned magistrate judge concerning this point.

We also agree with the magistrate judge that the plaintiff fails to assert a claim against defendant Feltman. First, there are no allegations that Feltman was even present during the alleged assault, let alone took part in it. Certainly, defendant Feltman cannot be held liable for alleged excessive force suffered by the plaintiff during an incident in which defendant Feltman was not present.

Second, plaintiff fails to allege that defendant Feltman was deliberately indifferent. To make out a deliberate indifference claim under the Eighth Amendment, plaintiff must establish that "an official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Urrutia v. Harrisburg Cty. Police Dpt.*, 91 F.3d 451, 456 (3d Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 128 L. Ed. 2d 811, 114 S. Ct. 1970, 1981 (1994)).

Plaintiff alleges no facts suggesting that defendant Feltman knew plaintiff was facing a substantial risk of serious harm. He merely suggests that defendant Feltman told him to stop banging on the window after plaintiff was allegedly assaulted. There is no suggestion that defendant Feltman knew of the assault, or that the plaintiff was injured as a result of defendant Feltman's failure to act.

4

Without such allegations, defendant Feltman's position as special investigation officer does not in any way strengthen plaintiff's claim, despite plaintiff's objection suggesting otherwise. Therefore, we will also dismiss defendant Feltman.

We also agree with the magistrate judge that plaintiff's specific request of $1 million in damages violates local rule 8.1. Because plaintiff is seeking unliquidated damages, he must make a general request for money damages.

The plaintiff has filed two letters on September 21st and 27th, respectively.[3] Each were entitled "statement of facts," and contained new factual allegations concerning new events and different defendants. (Rec. Doc. Nos. 9 and 10). Plaintiff has asked whether these new facts should be added to his complaint, or whether they should be filed as a separate action either with the BOP or with this Court. Because these filings address different events and involve potentially different defendants, plaintiff should file a separate action with whatever administrative body or court he deems appropriate. The new allegations contained in these filings will not be considered in this matter.[4]

---

[3] The Court notes that the September 21st letter was also filed in Doe I and Doe II. The September 27th letter was also filed in Doe II.

[4] As the magistrate judge noted, the plaintiff did attach his FTCA denial letter to his complaint, which may have suggested that he also intended to assert

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  United State Magistrate Judge Thomas M. Blewitt's Report and

    Recommendation is adopted in full. (Rec. Doc. No. 6).

2.  The complaint is dismissed as to Defendants SIS Lieutenant Feltman and

    Defendant Warden Hogsten.

3.  Plaintiff's reference to the specific amount of $1 million damages is stricken

    from the Complaint.

4.  The case is remanded to the magistrate judge for further proceedings.

                                        s/ James F. McClure, Jr.
                                        James F. McClure, Jr.
                                        United States District Judge

---

an FTCA claim in addition to his *Bivens* action. However, plaintiff made no
assertion anywhere in his complaint that any defendant acted negligently, nor did
the plaintiff include the United States as a defendant, which is the only party that
can be sued under the FTCA. For these reasons, we conclude that the plaintiff did
not intend to assert a FTCA claim.